ROBERT M. PARKER, Circuit Judge,
dissenting:
The majority inexplicably ignores the controlling statement of law from the Su *492 preme Court of Texas in American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420 (Tex.1997), which disposed of the precise issue presented by this case and, instead relies on this court’s earlier wrong Erie guess in Allgood v. R.J. Reynolds Tobacco Co., 80 F.3d 168 (5th Cir.1996), and grants the Tobacco Companies a common knowledge defense to all of Sanchez’s claims as a matter of law. My obligation to stare decisis compels this dissent.
Because jurisdiction over this action is based on diversity of citizenship, we are bound to apply the substantive law of the State of Texas and have been for sixty-one years. See Rogers v. Corrosion Prods., 42 F.3d 292, 295 (5th Cir.1995). If the state through its highest court has spoken clearly in interpreting its law, it is not within the authority of this Court to reinterpret that law. See Ladue v. Chevron U.S.A., Inc., 920 F.2d 272, 274 (5th Cir.1991). Further, we disregard our own earlier interpretation of state law when there is an intervening decision on the issue by the state’s highest court. See Federal Deposit Ins. Corp. v. Abraham, 137 F.3d 264, 269 (5th Cir.1998).
The Texas statute provides that a manufacturer or seller shall not be liable in a products liability action if “the product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community[.]” Tex. Civ. Prac. & Rem.Code ANN. § 82.004(a)(l)(Vernon 1997). The Texas Supreme Court in Grinnell held that “the general ill-effects of smoking were commonly known when Grinnell started smoking in 1952. However, we also hold that American did not establish that the addictive quality of cigarettes was commonly known ... in 1952.” Grinnell, 951 S.W.2d at 428 (emphasis added)(citing Austin v. Tennessee, 179 U.S. 343, 21 S.Ct. 132, 45 L.Ed. 224 (1900)(observing that “a belief in [cigarettes’] deleterious effects, particularly upon young people, has become very general, and communications are constantly finding their way into the public press denouncing their use as fraught with great danger....”); Kessler, et al., The Legal and Scientific Basis for FDA’s Assertion of Jurisdiction Over Cigarettes and Smokeless Tobacco, 277 J.A.M.A. 405, 406 (1997)(pointing out that “before 1980 ... no major public health organization had determined that nicotine was an addictive drug”)). The Tobacco Companies are hard pressed to take the position that the addictive nature of cigarettes was common knowledge in the 1950’s since they have steadfastly denied that cigarettes are addictive and, even today, only “acknowledge findings” about addictiveness. See Galli-gan, A Primer on Cigarette Litigation Under the Restatement (Third) of Torts: Products Liability, 27 Sw. U.L.Rev. 487, 496 & n. 54 (1998).
The majority declines to apply (Grinnell because “the Grinnell lawsuit was filed before September 1, 1993, ... [and] was governed by common law, not by § 82.004(a).” The question before the Grinnell court was indeed governed by pre-statute Texas law, that is, Restatement (Second) of Torts § 402A cmt. I and j (1965). See Grinnell, 951 S.W.2d at 427. However, Grinnell noted that § 82.004, applicable to cases (such as this one) filed after September 1, 1993, was a codification of § 402A, comments I and j. See id. at 427 n. 2. It is therefore clear that the Texas Supreme Court’s discussion in Grinnell of the common knowledge defense controls our interpretation of § 82.004.
The majority’s assertion that the general health hazards of smoking were common knowledge when Sanchez began smoking in 1957 is correct under Grinnell. However, because the Sanchez Family asserted claims based on the addictive quality of tobacco, as well as the general health hazards of smoking, the common knowledge defense does not dispose of this entire case. The majority lumps addiction claims with general health claims even though the Texas Supreme Court has held squarely that it is not a general health claim subject *493 to the common knowledge defense.[1] The majority opinion, in effect, makes a fact finding that the addictive nature of cigarettes is common knowledge. The most amazing part of it is that it is a fact finding with which both the Texas Supreme Court and the Tobacco Companies disagree.
Whatever happened to Federalism?

. The Texas legislature's consideration and rejection of an amendment that would have preserved a products liability claim for an individual who began smoking as a minor does not justify the majority's decision to substitute it's judgment for the law of Texas expressed by Grinnell. First, the proposed amendment indicates only that the author of the amendment recognized the addictive properties of tobacco in 1992. This sheds no light on the question of whether tobacco's addictiveness was common knowledge in the 1950's. In fact, it may be read to indicate that the majority of the Texas legislature in the early 1990's did not yet understand that tobacco was addictive. Second, the Texas Supreme Court, speaking after the legislative debate over the parameters of § 82.004(a) that the majority finds instructive, specifically rejected the majority's conclusion that both the addictiveness and the general health hazards of tobacco were common knowledge in the 1950's.